UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 5:14-CR-74-DCR |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION AND |
| KATHERINE MICHELLE JONES, ) | ORDER |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Katherine Michelle Jones, through counsel, moves for an Order requiring the United States to produce and / or make available for inspection and / or copying two categories of documents / other information. DE #416 (Motion). Defendant also seeks issuance of three subpoenas. DE #420 (Motion). Defendant awaits a final hearing on allegations that she violated the terms of her supervised release. *See* DE #418 (Minutes continuing final hearing). She seeks discovery as part of her effort to contest the allegations, which center on alleged drug use, as evidenced by lab results. The United States filed a response, simultaneously addressing both pending motions. DE #423 (Response). Defendant replied. DE #425 (Reply). The motions are ripe for consideration.

*Legal Principles*

"[S]upervised release revocation hearings are not criminal prosecutions." *United States v. Neal*, 512 F.3d 427, 434 (7th Cir. 2008). "Consequently, the full panoply of rights that the Constitution guarantees to criminal defendants does not extend to individuals who are the subject of revocation proceedings." *Id.* at 435. In the supervised

1

release context, a defendant "is entitled to," as relevant here, "disclosure of the evidence against the person" and "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(B) & (E).[1] A defendant in this context does not have, for example, "a right to unfettered access to a probation officer's file" to search for relevant information. *United States v. Johnson*, 356 F. App'x 785, 789 (6th Cir. 2009). Courts are hesitant to "turn a hearing-based right to present mitigating evidence into an unrestricted right of pre-hearing discovery." *Id.* A district court, accordingly, does not abuse its discretion by denying a supervised-release-related discovery motion, at least where the motion seeks "entirely speculative information" or if the defendant does not demonstrate that she is "likely to uncover mitigating evidence material to [her] case if [s]he were allowed" to proceed with discovery. *Id.* at 789-90.

> The Third Circuit crisply described the standard and legal context:
>
> Revocation of supervised release proceedings are subject to only 'minimum requirements of due process.' *United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (internal quotation omitted). With respect to discovery, due process and Federal Rule of Criminal Procedure 32.1 (which governs revocation of supervised release proceedings) require only that a defendant receive 'disclosure of the evidence against him.' *United States v. Derewal*, 66 F.3d 52, 55 (3d Cir.1995); *see also* Fed. R. Crim. P. 32.1(b)(2)(B).

*United States v. Castelli*, 550 F. App'x 91, 93 (3d Cir. 2014).

Additionally, and in some possible tension with *Neal* and *Castelli*, the Sixth Circuit has suggested that the typical suite of Rules applicable in a criminal case may also serve as a source of discovery obligations in this context. For example, "Rule 16 may

---

[1] Rule 32.1 "codifie[s]" the applicable due process guarantees. *See Neal*, 512 F.3d at 435 & 435 n.8. Jones points out that she also has "an opportunity to appear, present evidence, and question any adverse witness[.]" DE #425, at 1 (quoting Fed. R. Crim. P. 32.1(b)(2)(C)).

apply by virtue of the fact that supervised-release hearings were not explicitly excluded by Rule 1(a)(5)." *Johnson*, 356 F. App'x at 789 n.1. "There is," however, "no general constitutional right to discovery in a criminal case[.]" *Weatherford v. Bursey*, 97 S. Ct. 837, 846 (1977). Further, the Rule 16 context hinges on "at trial" use, *e.g.*, Fed. R. Crim. P. 16(a)(1)(E)(ii), and Rule 32.1 matters most assuredly are not trials.

As to the subpoena requests, a party may generally obtain pretrial production of documents under Rule 17(c) (if that Rule is applicable here, a topic Defendant does not address) only if: "(1) the items are evidentiary and relevant; (2) the items are not otherwise procurable through due diligence prior to trial; (3) the party cannot properly prepare for trial without such pre-trial production and inspection; and (4) the application is made in good faith and is not a fishing expedition." *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009) (citing *United States v. Nixon*, 94 S. Ct. 3090, 3103 (1974)). The general Rule 17(b) standard requires a showing of necessity for defense.

*DE #416—Motion for Discovery*

Defendant seeks to require "plaintiff [*i.e.*, the United States] to produce and/or make available for inspection and/or copying" the following:

1. All data, reports, protocols, lab notes, memoranda etc. concerning all tests reported to have been conducted by Clinical Reference Laboratory as reported in the Supervised Release Revocation Report and any others conducted in regard to defendant. If any of the documents were created by computer or have been computerized since creation, it is requested that a properties file print-out be produced as well.

2. All data, reports, memoranda, documents etc. concerning any problems and/or issues with the Pharmcheck sweatpatch applied to defendant. This request is most specifically directed at problems or issues with the sweatpatch generating false positives and with contamination of the sweatpatch.

DE #416, at 1 (all as in original). The motion cites no law or basis for the request.

In response, the United States indicated that Defendant "had previously been provided with copies of the violation notice, lab reports, and chain of custody forms related to the Defendant's instant alleged violation." DE #423 at 2. Further, the Government expressed its understanding that "the Probation Office agreed to review [its] file and provide [Defendant] with the requested information if it was in the possession of the Probation Office." *Id.* In reply, Defendant asserts that "her right under Rule 32.1 and . . . due process" entitle her to the requested information. DE #425, at 2.

Even (generously) assuming that the normal criminal discovery rules apply to define the Government's obligations in this supervised release context, Defendant has not justified the two requests, under the applicable standard.

Jones seeks a wide swath of information generally "concerning all tests [presumably as to Jones] reported to have been conducted by Clinical Reference Laboratory" and "concerning any problems and/or issues with the [applicable] Pharmcheck sweatpatch." DE #416. The United States—the sole motion target—per the briefing, does not have this information, and according to Jones herself, the USPO "indicated . . . that it is not in possession of much if any of the documents etc. responsive to the discovery request." DE #425 (all as in original). Foundationally, Defendant does not explain how the Court can compel the United States to produce information that neither it nor the USPO has. *See, e.g.*, *United States v. Presser*, 844 F.2d 1275, 1284-85 (6th Cir. 1988) ("Rule 16 requires the government to disclose to the defense before trial only specific categories of evidence. These categories include . . . **documents . . . which**

4

**are within the custody or control of the government** and which are material to the defense or intended for use by the government in its case-in-chief at trial or which were obtained from or belong to the defendant[.]" (emphasis added)). The Court denies the motion to compel discovery, as phrased, on this basis alone.

Additionally, even if the United States did have the requested information in its possession, custody, or control, Jones would still not be entitled to all of it as part of discovery in the supervised release context. The Court gathers, from the briefing (and by application of common sense), that the United States does not intend to introduce the full sought evidence at the revocation hearing. In such a situation:

> None of the documents . . . sought by [Defendant] were [to be] introduced as evidence during his revocation hearing. Essentially, [Defendant's] argument attempts to equate evidence that might be useful to the defense with evidence that actually was [to be] used by the Government in making its case. *Morrissey*[2] requires disclosure of the second category, but not the first.

*Neal*, 512 F.3d at 436.

So too here: Jones seeks "evidence that might be useful to the defense," not "evidence that actually was [or will be] used by the Government in making its case." *Id.* According to *Neal*, due process and Rule 32.1 do not require disclosure of such evidence. *Accord United States v. Tham*, 884 F.2d 1262, 1265 (9th Cir. 1989) ("Tham argues that, because he was not allowed to view his probation file prior to the revocation hearing, both the Rule and due process were violated. The file, however, was not used as evidence. Tham was provided the opportunity to cross-examine all the witnesses, including his probation officer. There was no violation of the Rule or of due process.");

---

[2] *Morrissey v. Brewer*, 92 S. Ct. 2593 (1972). Rule 32.1 now codifies the due process protections that *Morrissey* recognized. *Neal*, 512 F.3d at 435 n.8.

5

*Castelli*, 550 F. App'x at 93. This is consistent with the Sixth Circuit's general approach to the issue of discovery in the supervised release context, expressed in *Johnson*—the Court's holding here refrains from "turn[ing] a hearing-based right to present . . . evidence into an unrestricted right of pre-hearing discovery." 356 F. App'x at 789.[3]

"More importantly," even in a more typical pretrial scenario, "Rule 16 . . . provides no authority for compelling the pre-trial disclosure . . . of any other evidence not specifically mentioned by the rule." *Presser*, 844 F.2d at 1285. Defendant has not argued that the requested information fits within any Rule 16 category, and the Court perceives that it does not. Indeed, it is important to note again that "[t]here is no general constitutional right to discovery in a criminal case[.]" *Weatherford*, 97 S. Ct. at 846. In light of these principles, and given Jones's access to the test results at issue, there is no basis to compel Governmental disclosure concerning Jones's requests.

That said, the proof burden at the final hearing rests on the United States. To the extent the Government will offer proof, documentary or otherwise, as to test reliability, the defense should have access to the substance of that proof in advance of the final hearing.

---

[3] The Court also notes, as *Johnson* suggests is relevant, that Jones has not proven that she is "likely to uncover mitigating evidence material to [her] case if [s]he were allowed" the discovery she seeks. *See* 356 F. App'x at 789. Instead, as the Court further explains below, Defendant's request is a fishing expedition, seeking nearly unfettered access to expansive categories of information in a speculative attempt to cast generalized doubts on the reliability of the sweatpatch. Defendant articulates no particularized basis for believing that these entities are "likely" to have this information or that it would be material to *her own* case; the Court finds her discovery effort to instead be a thin attempt to wishfully probe the information these entities *might* have.

*DE #420—Motion for Subpoenas*

To reiterate, a party may generally obtain pretrial production of documents only if: "(1) the items are evidentiary and relevant; (2) the items are not otherwise procurable through due diligence prior to trial; (3) the party cannot properly prepare for trial without such pre-trial production and inspection; and (4) the application is made in good faith and is not a fishing expedition." *Vassar*, 346 F. App'x at 24 (citing *Nixon*, 94 S. Ct. 3090).

Assuming Rule 17 applies (a topic on which the Court directed briefing but that Defendant, the relief seeker, did not address), the Court, on this record, finds the request unjustified under *Vassar* and *Nixon*. Defendant's attempted justification for the subpoenas is a quintessential fishing expedition—Jones largely presents nothing targeted to the Court to indicate that the listed entities have any material that is evidentiary and relevant to her. The requested subpoena scope—"All data, reports, internal studies, memoranda, documents etc. concerning the Pharmcheck drug of abuse patch by PharmChem, Inc. and regarding (1) false positive test results; and/or (b) contamination of the patch during its application period, following removal and/or during testing" (all as in originals)—sounds in terms of *civil*, not *criminal*, discovery. In criminal cases, as explained in more detail above, the acceptable discovery scope is considerably more circumscribed. Jones makes no specific showing that PharmChem, Inc., or the FDA has any responsive documents relevant to her, and a generalized fishing expedition into separate, third-party false positives or sweatpatch contaminations is precisely what *Vassar* and *Nixon* aim to prevent. The Court, accordingly, finds *Vassar* prongs (1), (3), and (4) unsatisfied in the circumstances, primarily due to the slight and speculative

7

evidentiary showing. Jones essentially presents a general discovery effort—not an attempt to obtain specific and known evidentiary items—which the Criminal Rules do not permit.[4]

The Court also foundationally determines that Jones has not shown necessity for the materials from the FDA or PharmChem, under Rule 17(b). Jones's argument is that two negative tests during the sweat-patch window create a doubt about the reliability of the sweat-patch positive. The chronology easily supports the potential that Jones used sufficiently prior to or sufficiently after the distinct negative tests. Thus, and taking the tendered results as worthy of consideration, the fact of intervening clean screens on two of the testing period days does not suggest that the overall, and temporally broader, period report on the sweat patch is not valid. The Court sees a generalized assault on the test method as not here justified, at least on this record.

As to Clinical Reference Laboratory, the Court would approve a subpoena (including pre-hearing production, which counsel may prepare for issuance) only as to test results and lab documentation on the particular sample at issue in the report. This should ensure that Jones would have access to all evidentiary materials pertinent to the key result at issue. Of course, the materials in the record reveal the lab personnel

---

[4] The separate test results Jones tendered, *see* DE #414, are a questionable, at best, basis to seek additional documents. The tests are not authenticated or explained. Further, even if Defendant tested negative on November 21 and 22, 2016, these results by no means foreclose the possibility—which Jones herself agreed probable cause supported—that she used the drugs during the broader time the sweatpatch, which was applied between November 18-28, 2016, could have detected. Similarly, the undated National Federation of Federal Employees' memorandum commentary, DE #425-1, says utterly nothing specific regarding Defendant's case. This tendered evidence does not help particularize Jones's requests. Defendant cursorily asserts that her discovery requests are "grounded in evidence and [are] not a fishing expedition," DE #425, at 4, but the Court disagrees, for all the reasons discussed.

involved; Jones has not requested testimony from particular personnel, although she could do so. The proof burden, again, is not hers at the hearing.[5]

*Conclusion*

For these reasons, the Court wholly **DENIES** DE ##416 and 420.

\* \* \* \* \*

The Court issues this Order resolving non-dispositive, post-judgment matters under the District Judge's referral, which the Court considers made under 28 U.S.C. § 636(b)(3). The statute does not define the appeal standard or mechanics. The matter is appealable to Judge Reeves. A party objecting must file same within fourteen (14) days of Order entry. Failure to object waives a party's right to review.

This the 20th day of January, 2017.

Signed By:
Robert E. Wier   REW
United States Magistrate Judge

---

[5] The Court notes that Defendant likely would have public access to FDA materials and certainly can survey the broad history of drug-testing litigation, as to this method, in the federal and state courts. Jones offers no specific false-positive theory here, and whether Jones could justify an expert in this case is an open question.

9